IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BOBBY RICE, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-10-4660 |
| § | |
| CERTAIN UNDERWRITERS AT LLOYDS, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Before the Magistrate Judge upon referral from the District Judge is Defendant's Motion to Compel Appraisal and Abate Litigation (Document No. 5), in which Defendant seeks an Order compelling Plaintiff to engage in the appraisal process provided for in the insurance policy at issue in this case, and abating this case until that appraisal process is completed. Having considered the motion, the response, the evidence in the record, and the applicable law, it is ORDERED, for the reasons set forth below, that Defendant's Motion to Compel Appraisal and Abate Litigation (Document No. 5) is GRANTED.

This is an insurance dispute arising from alleged damage caused by Hurricane Ike in 2008. The case was initially filed in state court on September 12, 2010, and timely removed to this Court on November 22, 2010. Defendant seeks to compel Plaintiff to engage in the appraisal process called for by the insurance policy at issue, and seeks an abatement of this action until such time as the appraisal process can be completed. Plaintiff, in response, maintains that Defendant waived its right to insist on appraisal by failing to invoke its right to appraisal until "twenty months" after the parties' dispute about the extent of damage to Plaintiff's house began.

The insurance policy at issue herein contains an appraisal provision that states:

7. **Appraisal**. If you and we fail to agree on the actual cash value, amount of loss, or cost of repair or replacement, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will then set the amount of loss, stating separately the actual cash value and the loss to each item. If you or we request that they do so, the appraisers will also set:

a. the full replacement cost of the dwelling.

b. the full replacement cost of any other building upon which loss is claimed.

c. the full costs of repair or replacement of loss to such building, without deduction for depreciation.

If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding on you and us.

Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally.

Exhibit "A" to Defendant's Motion to Compel (Document No. 5) at page 8. Appraisal provisions such as this are enforceable in Texas. *Scottish Union & Nat'l Ins. Co. v. Clancy*, 71 Tex. 5, 8 S.W. 630, 631 (1888); *In re Allstate County Mut. Ins. Co.,* 85 S.W.3d 193, 195 (Tex. 2002); *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009). The contractual right to appraisal in an insurance policy may, however, be waived if the right is not asserted within a reasonable time. *In re Slavonic Mutual Fire Ins. Ass'n*, 308 S.W.3d 556, 561-563 (Tex. App. – Houston [14th Dist.] 2010). Courts considering waiver in connection with an insurance policy's appraisal provisions have held determined that "[t]he date of disagreement, or impasse, is the point of reference to determine whether a demand for appraisal is made within a reasonable time." *Id*. at 562.

Here, the record shows that Plaintiff made a Hurricane Ike claim on September 17, 2008. An initial payment of $547.00 was made to Plaintiff on September 25, 2008, for evacuation expenses. An initial inspection was conducted of Plaintiff's residence on September 26, 2008. Based on the inspectors' report, and upon application of the policy's deductible, Plaintiff was paid $2,703.03 on October 25, 2008. Plaintiff disputed Defendant's loss assessment, and requested that his roof be inspected again. The same inspector, Paul Harris, reinspected Plaintiff's residence on October 22, 2008; that inspection yielded the same results. Again, Plaintiff expressed his dissatisfaction with the loss determination, and this time requested that a different adjuster be appointed to handle his claim. Thereafter, on February 23, 2009, Defendant had David Cefalu re-evaluate the claim. That re-evaluation led Cefalu to recommend that Plaintiff be paid an additional $7,947.50 to cover the cost to replace his roof. On February 25, 2008, Defendant paid Plaintiff an additional $7,947.50.

Following this additional payment on February 25, 2009, which Plaintiff received and accepted, there was no communication between Plaintiff and Defendant until this lawsuit was filed over a year and a half later. In particular, the evidence shows that Defendant has no record of any contact by or communication with Plaintiff following this payment, and Plaintiff makes no statement in his affidavit that he expressed any dissatisfaction with this additional payment. Indeed, Plaintiff seem to concede that he didn't pursue the matter any further due to his "frustration stemming from [his] interaction with the adjusters."

This case and Defendant's Motion to Compel Appraisal are guided by the Texas Court of Appeals' recent decision in *In re Slavonic Mutual Fire Ins. Ass'n*, 308 S.W.3d 556 (Tex. App. – Houston [14th Dist.] 2010). In *Slavonic*, also a Hurricane Ike case, the insured complained about insurer's loss assessment and the insurer's refusal to pay for the replacement of the insured's roof.

Following the insurer's reinspection of the roof and its determination that "it would not cover replacement of the entire roof[,] [n]o further communication was had between the parties until suit was filed." *Id.* at 562. The Texas Court of Appeals found no evidence "constituting waiver of the right to appraisal." *Id.* at 563.

Here, there is likewise no evidence that Defendant waived its right to appraisal. In particular, there is no evidence that there was a dispute between the parties following the $7,940.50 payment on February 25, 2009. No mention is made by Plaintiff in his affidavit that he complained of this additional payment or subsequently voiced any concerns about the alleged loss he sustained, or Defendant's assessment of his claim. Upon this record, where Plaintiff has the burden to establish waiver, *In re State Farm Lloyds, Inc.*, 170 S.W.3d 629, 634-635 (Tex. App.–El Paso 2005), *JM Walker, LLC v. Acadia Ins. Co.*, 356 Fed. Appx. 744, 748 (5th Cir. 2009), a burden Plaintiff has not met, Defendant is entitled to insist on appraisal. Therefore, it is

ORDERED that Defendant's Motion to Compel Appraisal and Abate Litigation (Document No. 5) is GRANTED and this case is ABATED until such time as the parties complete the appraisal process provided for the in the insurance policy made the basis of this case.

Signed at Houston, Texas, this 21st day of January, 2011.

Frances H. Stacy
United States Magistrate Judge