UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BOBBY RICE, | § |
| | § |
|     Plaintiff, | § |
| VS. | §   CIVIL ACTION NO. H-10-4660 |
| | § |
| CERTAIN UNDERWRITERS AT LLOYDS, | § |
| | § |
|     Defendant. | § |

## OPINION AND ORDER

Pending before the Court is Defendant Underwriters at Lloyds' ("Underwriters") motion to lift abatement and for summary judgment. Doc. 13. Underwriters moves for summary judgment on the grounds that Plaintiff Bobby Rice previously has taken an inconsistent position in prior litigation than the one he now asserts in this case and that he is therefore estopped from asserting his claims against Underwriters. On January 21, 2011, Magistrate Judge Stacy abated this case while the parties conducted an appraisal of Plaintiff's property that is the subject of this litigation. Doc. 9. Underwriters seeks also to lift that abatement in light of the evidence and argument put forward in its motion for summary judgment.

Having considered the parties' arguments, the evidence in this case, and the applicable law, the Court denies Underwriters' motion for summary judgment.

Background

This case arises out of damages to Plaintiff's home sustained in 2008 during "Hurricane Ike." The parties agree that on September 13, 2008, the date of Hurricane Ike, Rice owned a home in Houston, Texas, covered by an insurance policy issued by Underwriters. After Ike, Rice submitted a claim to Underwriters for damage to his roof. He contends that he discovered "many

months after the hurricane" that Underwriters "was not going to compensate [him] for [his] claim" and thereafter retained representation. Doc. 15-1 at 3. In his affidavit testimony, Rice states that he "did not believe there would be any need for litigation and did not believe that he would have any litigation asset." *Id.*

On July 2, 2010, Rice jointly filed for Chapter 13 bankruptcy with his wife, Paula Rice. Doc. 15 at 2-3; *see* No. 10-35500 (Bankr. S.D.Tx. filed July 2, 2010). In conjunction with that filing, Rice submitted a "Schedule B-Personal Property" disclosure form with the bankruptcy court. Doc. On the Schedule B form, a Chapter 13 applicant is required to disclose "interests in insurance policies" and "other contingent and unliquidated claims of every nature," among other personal property. *Id.* Rice did not list any claim against Underwriters.

On August 13, 2010, Underwriters received a letter from Rice's attorney, notifying them that Rice had obtained representation in his claims against Underwriters. *See* Doc. 15 at 3. On September 12, Rice filed suit against Underwriters in the 11th Judicial District Court for Harris County, Texas, for breach of contract, breach of the duty of good faith and fair dealing, fraud, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. No. 2010-58527. On September 22, Underwriters removed that case to this court. Doc. 1. That same day, the Bankruptcy Judge held a hearing to confirm Rice's Chapter 13 bankruptcy plan based, in part, on the Schedule B form that Rice previously submitted. Doc. 32 in No. 2010-58527.

On December 14, Underwriters filed a motion in this Court to abate the litigation and compel appraisal of Rice's property. Doc. 5. Magistrate Judge Stacy granted the motion on January 21, 2011, and this case has remained in abatement since that date.

On January 13, 2011, Rice submitted a motion to modify the Chapter 13 plan, which the Bankruptcy Court subsequently confirmed on February 22. Docs. 38, 41 in No. 10-35500.

Neither Rice's motion for modification nor the subsequent confirmation referenced Rice's claim against Underwriters. On March 9, however, Rice filed an amended Schedule B in his bankruptcy proceeding in order to "add [a] previously unlisted cause of action against [his] insurance company for payment of Hurricane Ike damages and repairs" to his disclosures. Doc. 43 in No. 10-25500. The Bankruptcy Judge has not yet held a confirmation hearing on Rice's amended schedule, but the case remains active in the court.

On March 11, Underwriters filed a motion to lift the abatement on this case and for summary judgment on the grounds that Rice's previous failure to disclose his claims against Underwriters constitutes a "legal position" inconsistent with his current action against Underwriters and that he should, therefore, be judicially estopped from pursuing this suit. Doc. at 6.

Summary Judgment Standard

A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue, and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Col. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37

F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, the non-movant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006). To do so, the non-movant must "go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of N. Tex., P.A.*, 139 F.3d 532, 536 (5th Cir. 1998).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle S.*

*Utils., Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). There is a "genuine" issue of material fact if the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Analysis

Underwriters contend that the Court should grant summary judgment because Rice's previous failure to disclose to the Bankruptcy Court his potential or pending claims against Underwriters estops him from asserting those claims in this forum. Because the Court disagrees that Rice's actions in the Bankruptcy Court satisfy the requirements of judicial estoppel, Underwriters' motion for summary judgment is denied.

"Judicial estoppel is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position. Generally, the doctrine applies in cases where a party attempts to contradict his own sworn statements in the prior litigation." *Brandon v. Interfirst Corp.*, 858 F.2d 266, 258 (5th Cir. 1988). Judicial estoppel protects the integrity of the judicial system by "prevent[ing] parties from 'playing fast and loose' . . . to suit the exigencies of self interest." *Id.* (quoting *USLIFE Corp. v. U.S. Life Ins. Co.*, 560 F.Supp. 1302, 1305 (N.D.Tx. 1983)). To achieve that goal, Courts generally apply judicial estoppel "where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999)(quoting *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953)).

The Fifth Circuit has found that judicial estoppel applies when 1) the position of the party against whom estoppel is sought is plainly inconsistent with a prior legal position; 2) the party against whom estoppel is sought convinced a court to accept the prior inconsistent legal position; and 3) the party did not act inadvertently. *See In re Coastal Plains, Inc.*, 179 F.3d 197. Underwriters contend that those elements are satisfied here because Rice 1) failed to disclose to the Bankruptcy Court

his potential claims against Underwriters, 2) the Bankruptcy Court accepted that position when it entered an order confirming Rice's initial bankruptcy plan on September 22, 2010, and 3) that Rice's submission to the Bankruptcy Court was not inadvertent because he was aware of the facts of his claim and had a motive to conceal the claim from the Bankruptcy Court. Doc. 13 at 6-7.

Although Rice initially failed to disclose his potential claims against Underwriters at the time he filed for bankruptcy, he subsequently filed amended schedules with the Bankruptcy Court disclosing his pending claims. Doc. 43 in No. 10-25500. Additionally, the Court notes that Rice filed amended schedules in the Bankruptcy Court before Underwriters filed its motion for summary judgment in this case. Underwriters has introduced no evidence to suggest that the amendment was the result of an attempt to circumvent judicial processes rather than an earnest, albeit belated, desire to fully inform the Bankruptcy Court. Additionally, Rice's Chapter 13 bankruptcy proceeding remains active on the Bankruptcy Court's docket. There is no indication that the Bankruptcy Judge will not, in due time, confirm an amended bankruptcy schedule reflecting Rice's interest in this litigation if he finds it necessary.

The Court is not convinced that Underwriters has met its burden of proof as to either of the first two requirements of judicial estoppel. Rice amended his initial legal position in Bankruptcy Court regarding his claims against Underwriters and that bankruptcy proceeding is still very much active. Underwriters has not introduced sufficient evidence to show that Rice has taken a prior inconsistent legal position on which the Bankruptcy Court relied. Moreover, the Bankruptcy Judge now has the opportunity to reconsider its order. Rice's actions here do not appear to be the type of "intentional self-contradiction . . . being used as a means of obtaining unfair advantage" for which judicial estoppel is a necessary deterrent. The Court therefore finds

that Underwriters' motion for summary judgment should be denied.

Conclusion

Based on the foregoing reasoning, the Court hereby

**ORDERS** that Defendant Certain Underwriters at Lloyd's motion to lift abatement and for summary judgment (Doc. 13) is **DENIED**.

SIGNED at Houston, Texas, this 19th day of March, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE